UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FACILITY ADMINISTRATOR OF DESERT VIEW FACILITY, et al.,<br><br>　　　　Respondents. | Case No. ED CV 26-00923 FMO (MBK)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

　　　　On March 6, 2026, the court granted petitioner's request for a Temporary Restraining Order ("TRO") and ordered respondents to release petitioner forthwith. (Dkt. 8, Court's Order of March 6, 2026, at 2). Petitioner was released on March 6, 2026. (Dkt. 9, Respondents' Notice of Compliance at 2). Because the standards for granting a TRO and a preliminary injunction are the same, see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court construed petitioner's TRO application as an application for a preliminary injunction ("PI Application"). (Dkt. 8, Court's Order of March 6, 2026, at 2). Respondents timely filed an opposition to the PI Application on March 9, 2026, asserting that the case is moot in light of petitioner's release. (Dkt. 10, Respondents' Response to PI Application at 1). Petitioner did not file a reply in support of the PI application by the deadline and therefore did not address respondents' mootness argument. (See, generally, Dkt.); see also Pamela S. v. Bisignano, 2025 WL 2399145, *4 (E.D. Wash. 2025) ("If a party fails to counter an argument that the opposing

1 | party makes, the Court may treat that argument as conceded."). Having reviewed the record, the
2 | court is persuaded that the case is now moot. Accordingly, IT IS ORDERED THAT:
3 |     1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** and PI Application
4 | **(Document No. 2)** are **denied as moot**.
5 |     2. The above-captioned case is **dismissed without prejudice**.
6 |     3. Judgment shall be entered accordingly.
7 | Dated this 16th day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge